**Entered on Docket**
**September 28, 2009**

_____
**Hon. Mike K. Nakagawa**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| In re | ) | Case No. BK-S-08-16253-MKN |
|  | ) |  |
| DAVID M. RIVAS, | ) | Chapter 7 |
|  | ) |  |
| Debtor. | ) | Date:  September 23, 2009 |
|  | ) | Time:  2:30 p.m. |
|  | ) |  |

**ORDER ON TRUSTEE'S THIRD OBJECTION
TO CLAIM OF EXEMPTIONS**

David M. Rivas ("Debtor") filed a voluntary Chapter 7 bankruptcy petition on June 13, 2008. The case was assigned to Yvette Weinstein as the bankruptcy trustee ("Trustee").

On April 24, 2009, the court entered an order (Dkt# 71)[1] sustaining the Trustee's objection to the Debtor's claim of exemption in two motor vehicles - a 2003 Hyundai Sonata sedan and a 2003 Toyota Tundra pickup. The court determined that the Debtor was permitted to exempt only one vehicle under Nevada Revised Statutes ("NRS") section 21.090(1)(f) and that his claim of exemption in both vehicles was not authorized.

On June 30, 2009, the Debtor filed an amended schedule of exempt property (Dkt#80) that again listed both vehicles as exempt under NRS 21.090(1)(f). The Trustee filed a further objection to the exemption of both vehicles (Dkt#81) after which the Debtor filed a further amended schedule (Dkt#86) that claimed only the Toyota Tundra as exempt. Debtor filed a limited opposition (Dkt#87) that referenced the subsequent amendment and asserted that the previous amendment had been filed in error. The court sustained the second objection and an

---

[1] The documents filed in the case are referenced by the docket number ("Dkt#") assigned by the court clerk.

1    order sustaining that objection was entered on September 24, 2009.  (Dkt#99)

2        On August 20, 2009, the Trustee filed a third objection to the Debtor's latest amended

3    claim of exemption (Dkt# 90) asserting that the disposition of her original claim objection

4    precluded the Debtor from claiming an exemption in either of the vehicles.   Debtor filed

5    opposition (Dkt# 95) and the Trustee filed a written reply.  (Dkt# 96)   A hearing on the third

6    objection was held on September 23, 2009, and the matter was taken under submission.

7        The court having considered the written and oral arguments of the parties, finds that the

8    Debtor's exemption of the Toyota Tundra is permitted by NRS 21.090(1)(f) and that the

9    Trustee's objection must be denied.  The evidence presented does not support a finding of bad

10   faith by the Debtor in his claim of exemptions nor has the Trustee demonstrated prejudice to

11   creditors since the Debtor is allowed to exempt only the Toyota Tundra.[2]  The Trustee's reliance

12   on Arnold v. Gill, 252 B.R. 778 (B.A.P. 9th Cir. 2000) is misplaced since the factual

13   circumstances in Arnold are not comparable to the instant case.

14       **IT IS THEREFORE ORDERED** that the Trustee's Third Objection to Claim of

15   Exemptions be, and the same hereby is, **DENIED.**

16

17   Copies noticed through ECF to:

18   THOMAS E. CROWE tcrowelaw@yahoo.com

19   M NELSON SEGEL nelson@nelsonsegellaw.com,
     bkntc@nelsonsegellaw.com;diana@nelsonsegellaw.com

20   U.S. TRUSTEE - LV - 7 USTPRegion17.LV.ECF@usdoj.gov

21   YVETTE WEINSTEIN yweinsteinhsd@earthlink.net, NV08@ecfcbis.com

22

23
     and sent to BNC to:
24       All parties on BNC mailing list

25

26                                    # # #

27

28       [2] Neither the disposition of the Hyundai Sonata or its value is properly before the court.